IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHUCK MCBRAYER,** | ] |
| **Plaintiff,** | ] |
| v. | ] CV-05-BE-1846-E |
| **THE CITY OF HOBSON CITY,** | ] |
| **Defendant.** | ] |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This case is before the court on Defendant's Motion for Summary Judgment (doc. 12). For the reasons set forth in this Order, the court finds that Defendant's Motion is due to be **GRANTED**.

### BACKGROUND

Plaintiff brought this race discrimination and retaliation case against Defendant, his former employer, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. On May 8, 2006, Defendant filed a Motion for Summary Judgment, a brief in support thereof, and evidentiary exhibits. *See* docs. 12, 13, 14. In its Motion, Defendant argued that summary judgment was appropriate because the undisputed facts show that Defendant did not employ the number of employees necessary to make Title VII applicable.

### STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases where no genuine issues of material fact are present. *See* Fed. R. Civ. P. 56. A court must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to

judgment as a matter of law. *Id.*

In reviewing the evidence submitted, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mutual Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. However, the nonmovant can defeat summary judgment by showing either a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law.

## DISCUSSION

Title VII permits discrimination and retaliation claims against an "employer." *See* 42 U.S.C. §§ 2000e-2(a) & 2000e-3(a). Title VII defines an employer as "a person engaged in an industry affecting commerce who has *fifteen or more employees* for each working day in each of twenty or more calendar weeks in the current or preceding calendar year...." 42 U.S.C. § 2000e(b) (emphasis added). Title VII also defines a "person" as "governments, government agencies, [and] political subdivisions." 42 U.S.C. § 2000e(a).

Defendant argues that it is entitled to summary judgment because it did not have the requisite number of employees pursuant to Title VII. Defendant submitted the affidavit of the City Clerk and Treasurer for the City of Hobson City, and the city payroll records for 2003 through 2004[1] to support this position. This evidence shows that Defendant had no weeks in

---

[1] In accordance with Plaintiff's Complaint, 2003 and 2004 are the time periods relevant to this lawsuit.

either year where it employed fifteen employees or more.

On May 30, 2006, Plaintiff filed a one page Response (doc. 16). Plaintiff stated that he was "unable to refute the facts set forth in the Defendant's Motion for Summary Judgment as to the number of employees employed by the City during the years 2003 and 2004." Doc. 16. Plaintiff did not offer any evidence to show a disputed issue of material fact, nor did Plaintiff make any argument that Defendant was not entitled to judgment as a matter of law. Consequently, Plaintiff failed to meet his burden as a non-movant to counter Defendant's Motion for Summary Judgment.

## CONCLUSION

After reviewing the submissions, the court finds that no disputed issue of material fact exists and that Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

DONE and ORDERED this 2nd day of June, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE